UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GLORIA GAINES-HANNA, et. al.,

       Plaintiffs,

                                      Case No. 04-74910

v.                                       Hon. John Corbett O'Meara

FARMINGTON PUBLIC SCHOOL DISTRICT,
et al.,

       Defendants.
_____/

**OPINION AND ORDER GRANTING DEFENDANTS'**
**MOTION TO DISMISS CLAIMS OF THE HANNA CHILDREN**

      On December 16, 2004, Plaintiff Gloria Gaines-Hanna, acting as next friend for her son Najib and daughter Najiba, filed a pro se lawsuit against the Farmington Public School District and a number of teachers, coaches, and administrators. Plaintiffs' 277-page complaint alleges a number of constitutional and statutory violations over a period of ten years. Most of the claims are alleged violations of the children's constitutional and statutory rights. On January 26, 2005, Defendants filed a joint motion to dismiss the claims of the Hanna children. Plaintiffs filed a response on February 24. Defendants filed a reply on March 9, and Plaintiffs filed an additional response on Mach 16. The court, having reviewed the submissions of the parties and having determined that oral argument is unnecessary, is now prepared to rule.

      A minor child cannot bring suit through a parent acting as next friend if the parent is not represented by an attorney. Shepherd v. Wellman, 313 F.3d 964, 970-71 (6th Cir. 2002); See also Wenger v. Canastota Central School District, 146 F.3d 123 (2d Cir. 1998); Cheung v. Youth Orchestra Foundation of Buffalo, Inc., 906 F.2d 59 (2d Cir. 1990); Meeker v. Kercher, 782 F.2d 153 (10th Cir. 1986). Plaintiffs cite a number of cases where parents were found to have

standing to represent the interests of their children with an attorney present. However, there is a distinction between a parent representing a child as next friend with the assistance of an attorney, and a parent representing a child pro se. A parent may not represent the interests of their child pro se.

Plaintiffs also cite a <u>Maroni v. Pemi-Baker Regional School District</u>, 346 F.3d 247 (1st Cir. 2003), held that a parent could proceed pro se to assert his own substantive rights arising under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400, *et seq*. Plaintiffs in this case are not pursuing claims under IDEA and have not shown that similar parental rights arise under the statutes they claim have been violated. Plaintiffs also cite <u>Newdow v. Elk Grove Unified School District</u>, 292 F.3d 597 (9th Cir. 2002), which is likewise distinguishable. In <u>Newdow</u>, a parent could proceed pro se regarding his own claim of a violation of parental right to control his child's religious education. The United States Supreme Court later held that the parent did not have standing to pursue his daughter's claims under California law because he was not her custodial parent. <u>Elk Grove Unified School District v. Newdow</u>, 542 U.S. 1 (2004).

Plaintiffs further argue that dismissing the claims of the Hanna children represents a violation of their rights under the Due Process Clause. They argue they have not been able to find an attorney who would take their case and can not afford to hire an attorney. However, the financial inability to hire an attorney to pursue a civil action is not a violation of plaintiffs' constitutional right to Due Process. The court further declines to appoint counsel to represent the claims of the Hanna children in this civil lawsuit. <u>See</u> 28 U.S.C. § 1915.

The complaint includes two claims asserting the constitutional rights of Ms. Gaines-

Hanna herself: a claim in Count I that the defendants violated her parental rights arising under substantive due process and a claim in Count II alleging violations of her First Amendment rights to free speech and expression.  These claims are not dismissed by this order.  Likewise, the conspiracy alleged in Count V is not dismissed to the extent it applies to conspiracies to deny Ms. Gaines-Hanna's rights to free speech or her parental rights.

Count VIII alleges that the defendants refused Gaines-Hanna access to her children's educational records, in violation of the Family Education Rights and Privacy Act, 20 U.S.C. § 1232g.  However, this statute creates no personal right of action.  See Gonzaga University v. Doe, 536 U.S. 273 (2002).  The Secretary of Education has the sole ability to enforce the statute by withholding federal funds from schools who violate the act.  See id.  Accordingly, the court finds that Plaintiff has failed to state a claim upon which relief can be granted, and this count is also dismissed.

Accordingly, **IT IS HEREBY ORDERED** that Defendants' January 26, 2005 Motion to Dismiss is **GRANTED**.

**IT IS FURTHER ORDERED** that all claims of Plaintiffs Najib Gaines-Hanna and Najiba Gaines-Hanna are **DISMISSED**.

**IT IS FURTHER ORDERED** that Plaintiff Gloria Gaines Hanna's claim that defendants violated the Family Education Rights and Privacy Act is dismissed.

                                              s/John Corbett O'Meara
                                              John Corbett O'Meara
                                              United States District Judge

Dated:  May 4, 2005