UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GLORIA GAINES HANNA, et. al.,

    Plaintiffs,

v.

Case No. 04-74910
Hon. John Corbett O'Meara

FARMINGTON PUBLIC SCHOOL DISTRICT,
et al.,

    Defendants.
_____/

## OPINION AND ORDER DENYING TEACHER DEFENDANTS' JANUARY 18, 2005 MOTION FOR SUMMARY DISPOSITION FOR LACK OF SERVICE

On December 16, 2004, Plaintiff Gloria Gaines-Hanna, acting as next friend for her son Najib and daughter Najiba, filed a pro se lawsuit against the Farmington Public School District and a number of teachers, coaches, and administrators. Plaintiffs' 277-page complaint alleges a number of constitutional and statutory violations over a period of ten years. Plaintiffs attempted to serve the complaint on thirty-seven of the defendants via certified mail at their places of employment. The defendants themselves did not personally sign the certified mail receipts.

On January 18, 2005, the thirty-seven defendants, who refer to themselves as "teacher defendants," filed a joint motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(2), 12(b)(4), and 12(b)(5), and alternatively for summary judgment under Rule 56. Plaintiffs filed a response on February 14, 2005. The teacher defendants claim they have not been properly served with the summons and complaint.

There are a number of methods of serving defendants under federal law. A summons can be served on the defendant personally. Fed. R. Civ. P. 4(e)(2). It can be left at their normal place

of abode with some person of suitable age or discretion then residing therein. Id. It can be delivered to an agent authorized by appointment or by law to receive service of process. Id. A summons can also be served pursuant to state law. Michigan Court Rule 2.105 allows a defendant to be served by certified mail, which Plaintiff attempted in this case. However, the rule notes that "service is made when the defendant acknowledges receipt of the mail. A copy of the return receipt signed by the defendant must be attached to proof showing service under subrule (A)(2). Mich. Ct. R. 2.105(A)(2). The actual defendants did not acknowledge receipt of the mail in this case. A summons can not be merely mailed to or left at the workplace of a defendant for service to be valid. Sending a summons to someone working in the administrative office of a school does not serve the school employees personally.

The court notes that a plaintiff can also ask a defendant to waive service of process under Fed. R. Civ. P. 4(d). This procedure is especially appropriate in a situation like this, where there are a large number of defendants. The goal is to reduce the costs of service on many parties and to foster cooperation among the parties. The procedure works as follows. The plaintiff sends the defendant a notice of the commencement of an action and a request that the defendant waive service of a summons. This notice may be sent by first class mail or other reliable means. While the notice must be specifically addressed to the individual defendant, it can be sent to any address at which the defendant will receive mail promptly, including a place of employment. The notice must be accompanied by a copy of the complaint, two copies of the notice and request for waiver of formal service of process, and a prepaid means of responding in which the person served may return one copy of the notice and acknowledgment. The notice must state the date on which the request was sent, the time by which the defendant must execute the waiver and return it to the plaintiff, and the consequences of complying or failing to comply with the request. This time

period must be at least thirty days from the date the request is sent. If the plaintiff does not receive the waiver within the specified period, it is construed as a refusal to waive formal service. At that point, the plaintiff should attempt to formally serve the defendant, and the defendant is liable for the costs of service. A defendant who agrees to waive service is not required serve an answer until 60 days after the date which the request for waiver was sent. The plaintiff can file the waiver of service with the court, and the action can proceed.

Plaintiff is pursuing the case pro se and made a good faith effort to serve the defendants by certified mail. The court declines to dismiss the action because of improper service of process. Pursuant to Fed. R. Civ. P. 4(m), the plaintiff has 120 days after filing the complaint to serve the summons and complaint on the defendants. Because of Plaintiff's good faith efforts, the deadline for Plaintiff to either serve these defendants or to request a waiver of formal service shall be extended to June 1, 2005.

Accordingly, **IT IS HEREBY ORDERED** that Teacher Defendants' January 18, 2005 Motion for Summary Disposition for Lack of Service is **DENIED**.

**IT IS FURTHER ORDERED** that the time period for Plaintiff to either serve the defendants or to request a waiver of service is extended until June 1, 2005.

John Corbett O'Meara
United States District Judge

Date: MAY 04 2005