UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


GLORIA GAINES-HANNA,

        Plaintiff,

    v.

FARMINGTON PUBLIC SCHOOL
DISTRICT, et al.,

        Defendants.

_____/

CASE NO.  04-CV-74910-DT
JUDGE JOHN CORBETT O'MEARA
MAGISTRATE JUDGE PAUL J. KOMIVES


MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL PRE-TRIAL DISCOVERY (docket #163)

This matter is before the Court on plaintiff's motion to compel pre-trial discovery, filed on March 3, 2006.  It is difficult to glean the precise information plaintiff seeks in her discovery requests themselves or in the motion to compel.  To the extent that plaintiff's arguments are apparent, however, the arguments mostly are  without merit, and accordingly her motion to compel will be denied, with one exception.

Plaintiff first contends that defendants have failed to provide information concerning defendants' expert witnesses.  However, defendants have responded that no expert reports have yet been prepared, and that when such reports have been prepared they will be provided to plaintiff.  Rule 26(a)(2)(C) requires only that the expert report be provided 90 days prior to trial.  Thus, defendants response is proper.

Plaintiff also contends that Defendants Mackie and Fox did not appropriately respond to her

requests to produce documents.  These defendants indicated that the documents sought by

plaintiff–all police reports and correspondence regarding her family–are available for inspection at

the office of defendants' counsel, and may be copied at her expense.  Contrary to petitioner's

argument, this was an appropriate response.  Rule 34 requires only that the documents sought be

made available for inspection and copying.  Thus, defendants' providing for inspection of the

documents at counsel's office and requiring plaintiff to bear the cost of copying any documents she

seeks is appropriate.  *See Obiajulu v. City of Rochester*, 166 F.R.D. 293, 297 (W.D.N.Y. 1996);

*Delozier v. First Nat'l Bank of Gatlinburg*, 109 F.R.D. 161, 164 (E.D. Tenn. 1986).  Further, to the

extent plaintiff seeks documents reflecting complaints against defendants Mackie and Fox or

discipline taken against them in matters unrelated to this litigation, such documents are neither

relevant nor reasonably calculated to lead to the discovery of admissible evidence because the only

possible evidence that could be developed from such documents would be propensity evidence made

inadmissible by Federal Rule of Evidence 404(b).  *See Segura v. City of Reno*, 116 F.R.D. 42, 44

(D. Nev. 1987).[1]

To the extent that plaintiff seeks the addresses and telephone numbers of the named

defendants, defendants appropriately objected to this information by instructing plaintiff that the

named defendants could be contacted through counsel.  Under Michigan Rule of Profession Conduct

4.2, an attorney may not communicate directly with a party represented by another lawyer.

Although plaintiff, as a non-attorney, is not technically bound by the Rules of Professional Conduct,

---

[1]In some cases, such information might be relevant to a municipal liability claim based on
the city's failure to adequately supervise its officers.  However, plaintiff has not asserted any such
municipal liability claims against the City of Farmington Hills or the Farmington Hills Police
Department.

in her capacity as a *pro se* plaintiff she is nevertheless required to refrain from directly contacting

the named defendants in accordance with Rule 4.2. *See Bisciglia v. Lee*, 370 F. Supp. 2d 874, 879

(D. Minn. 2005).

Further, defendants appropriately objected to plaintiff's requests for admission. Plaintiff's

first request for admission requested admission "of the truth of any matters with the scope of Rule

26(b)(1) set forth in this request that relate to statements or opinions of fact or of the application of

law to fact, including the genuineness of any documents described in this request." Pl.'s Mot., Ex.

2. Her second request for admission requested "admission by proof of written statement and or

proof from written documents, which could or would, support Defendants' answers and responses

to Plaintiff's 723 questions Complaint concerning this pending action." *Id.*, Ex. 4. A third request

for admission was similarly worded. *See id.*, Ex. 11. Under Rule 36(a), "[e]ach matter of which an

admission is requested shall be separately set forth." Thus, under Rule 36

> the requesting party bears the burden of setting forth its requests simply, directly, not
> vaguely or ambiguously, and in such a manner that they can be answered with a
> simple admit or deny without an explanation, and in certain instances, permit a
> qualification or explanation for the purpose of clarification. That is, Requests for
> Admissions should be drafted in such a way that a response can be rendered upon a
> mere examination of the request. To facilitate clear and succinct responses, the facts
> stated within the request must be singularly, specifically, and carefully detailed.

*Henry v. Champlain Enters., Inc.*, 212 F.R.D. 73, 77 (N.D.N.Y. 2003) (citations omitted). Further,

it is "inappropriate for a plaintiff to re-serve the complaint in the form of a request for admissions

in order to require the defendant to admit or deny nearly every paragraph of a complaint it has

already answered." *Perez v. Miami-Dade County*, 297 F.3d 1255, 1269 (11th Cir. 2002) (internal

quotations and alternations omitted). Here, plaintiff's requests for admissions are merely a blanket

request that defendants admit or deny all of the allegations of the complaint, or the genuineness of

all of the evidence involved in the case.  Such requests fall to "singularly, specifically, and carefully detail[]" the matters for which admission is sought, and thus defendants appropriately objected to plaintiff's requests.

Finally, plaintiff's motion is meritorious in one respect.  Plaintiff has requested information concerning any insurance coverage which defendants may have that would cover a judgment in this case.  Although defendants have provided plaintiff with the names of their insurance carriers, the relevant policy numbers, and an assurance that the insurance coverage is adequate to cover any judgment in this case, this information is insufficient to satisfy defendants' obligation under the discovery rules.  The rules relating to initial disclosure specifically provide that a party must produce "for inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment." FED. R. CIV. P. 26(a)(1)(D).  "The plain language of [this] rule makes it clear that it is a copy of the insurance agreement itself that defendants must produce."  *Wegner v. Cliff Viessman, Inc.*, 153 F.R.D. 154, 160 (N.D. Iowa 1994).  Accordingly, defendants will be required to provide copies of any insurance agreements which may be used to satisfy a judgment in this case.

In view of the foregoing, it is ORDERED that plaintiff's motion to compel is hereby GRANTED IN PART and DENIED IN PART.  Specifically, the motion is GRANTED to the extent plaintiff seeks copies of any applicable insurance agreements, and the motion is DENIED in all other respects.  It is further ORDERED that defendants serve on plaintiff copies of all insurance agreements in accordance with Rule 26(a)(1)(D) within 14 days of the date of this Order.

The attention of the parties is drawn to FED. R. CIV. P. 72(a), which provides a period of ten

days from the date of this Order within which to file any written appeal to the District Judge as may

be permissible under 28 U.S.C. § 636(b)(1).

IT IS SO ORDERED.


s/Paul J. Komives
PAUL J. KOMIVES
UNITED STATES MAGISTRATE JUDGE

Dated: 3/31/06

> The undersigned certifies that a copy of the foregoing order was served on the attorneys of record by electronic means or U.S. Mail on March 31, 2006.
>
> s/Eddrey Butts
> Case Manager