UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GLORIA GAINES-HANNA, *et al.,*

    Plaintiffs,

v.

FARMINGTON PUBLIC SCHOOL DISTRICT, *et al.*,

    Defendants.

_____/

Case No. 04-74910

Hon. John Corbett O'Meara

**OPINION AND ORDER GRANTING DEFENDANTS'
<u>MOTION TO DISMISS IN PART</u>**

Before the court is the motion of certain Defendants to dismiss Plaintiff's claims on statute of limitations grounds, filed February 9, 2006. Plaintiff submitted a response brief on April 21, 2006. Defendants filed a reply brief on April 26, 2006. Pursuant to LR 7.1(e)(2), the court will decide this matter on the briefs and without oral argument.

<u>**BACKGROUND FACTS**</u>

On December 16, 2004, Plaintiff Gloria Gaines-Hanna filed this suit against the Farmington Public School District and sixty-two other defendants, including teachers, coaches, counselors, and school administrators. Plaintiff's 277-page complaint alleges constitutional and statutory violations over a period of ten years with respect to the treatment of her children, Najib and Najiba, in Farmington public schools. The court has dismissed Plaintiff's state claims, as well as the claims of the Hanna children. (Plaintiff's children were scheduled to graduate from high school in 2006.) The remaining claims assert the constitutional rights of Ms. Gaines-

Hanna, only, and are as follows: (1) a claim in Count I that Defendants violated her parental rights arising under substantive due process; (2) a claim in Count II alleging violations of her First Amendment rights to free speech and expression; and (3) a conspiracy claim in Count V, to the extent it applies to conspiracies to deny Ms. Gaines-Hanna's parental rights or right to free speech.

## LAW AND ANALYSIS

A number of Defendants[1] seek dismissal of Plaintiff's claims against them on statute of limitations grounds. Plaintiff's claims arise under 42 U.S.C. §§ 1983 and 1985. These statutes do not contain specific statutes of limitations. The Supreme Court has determined that the appropriate statute of limitations for these claims is the state statute of limitations governing actions for personal injury. See Wilson v. Garcia, 471 U.S. 261, 276-80 (1985). In Michigan, the statute of limitations for personal injury claims is three years. See Carroll v. Wilkerson, 782 F.2d 44 (6th Cir. 1986); M.C.L. § 600.5805.

Federal law, however, governs when the statute of limitations begins to run. See McCune v. City of Grand Rapids, 842 F.2d 903, 905 (6th Cir. 1988) (citing Wilson, 471 U.S. at 268-71).

> Ordinarily, the "discovery rule" applies to establish the date on which the statute of limitations begins to run, *i.e.,* the date when the plaintiff knew or

---

[1] The Defendants seeking dismissal of some or all of the claims against them are as follows (numbered as in the caption): (48) Lasenia Jones; (51) Ellen Garner; (8) G. Donald Cowan; (52) Carolyn Kugler; (57) Ginny Cheek; (59) Doris Malchie; (53) Retta London; (56) Dierdre Bobby; (55) David Litogot; (54) Sheri Jaffurs; (26) Pamela O'Malley; (28) Kathy McAdaragh-Hain; (13) Brian Swinehart; (33) John Carter; (39) David Chulis; Karen Tomle; (29) Connie Carroll; (30) Jerry Kaplan; (34) Lynn Keller; (35) David Chomet; (38) Julie Ingalls; (36) Chistine Diebold; (32) Jerry Morissey; (37) Kathy Seremet; (27) Sharon Cooper; (31) Steven Koponen; (40) Fouad Baidoon; (1) Farmington Public School District; (2) C. Robert Maxfield; (3) Linda K. Enberg; (4) Priscilla L. Bouillette; (5) Gary Sharp; (6) R. Jack Inch, and (7) Cathleen M. Webb.

> through the exercise of reasonable diligence should have known of the injury that forms the basis of his action. This test is an objective one, and the Court determines "what event should have alerted the typical lay person to protect his or her rights."

Sharpe v. Cureton, 318 F.3d 259, 266 (6th Cir. 2003) (citations omitted).

Generally, in this case, any claims that accrued before December 16, 2001, are time barred, because Plaintiff filed her complaint on December 16, 2004. Plaintiff's claims against a number of the Defendants clearly are time barred because the discriminatory acts alleged occurred well before December 16, 2001. For example, Lasenia Jones was the principal of Plaintiff's children's elementary school, Wooddale Elementary. The children last attended Wooddale in 1999. All of the violations of Plaintiff's rights allegedly caused by Jones occurred while Plaintiff's children attended Wooddale. See Compl. at ¶¶ 60-284. Accordingly, any cause of action Plaintiff had against Jones under § 1983 or § 1985 expired in 2002.

Plaintiff's claims against the following Defendants are also time-barred, based upon the dates of alleged wrongful acts or constitutional violations alleged by Plaintiff in her complaint: Ellen Garner (first grade teacher in 1994-95); Donald Cowan (executive director of instruction and student services at Farmington Schools, last violation alleged April 23, 1997); Joyce Kelly (elementary school office staff, last violation alleged February 1, 1996); Barbara Poniatowski (elementary school office staff, last violation March 26, 1997); Carolyn Kugler (second grade teacher, last violation alleged June 4, 1996); Ginny Cheek (elementary school librarian, last violation September 25, 1998); Doris Malchie (elementary school volunteer, last violation February 26, 1997); Retta London (third grade teacher, last violation April 1997); Dierdre Bobby (elementary school gym teacher, last violation alleged October 29, 1998); David Litogot (fifth grade teacher, last violation alleged May 1999); Sheri Jaffurs (elementary school music teacher,

last violation alleged February 23, 1999); Pamela O'Malley (middle school principal, last alleged violation March 26, 2001); Kathy Mcadaragh-Hain (assistant middle school principal, last violation alleged May 19, 2000); Brian Swinehart (middle school athletic director, last violation May 18, 2000); John Carter (sixth grade teacher, last violation alleged April 7, 2000); David Chulis (sixth grade teacher, last violation alleged January 2000); Karen Tomle (sixth grade teacher, last violation alleged December 1999); Connie Carroll (middle school counselor, last violation alleged October 2000); Jerry Kaplan (middle school counselor, last violation alleged August 2000); Lynn Keller (middle school gym teacher, last violation alleged March 2000); David Chomet (middle school gym teacher, last violation alleged March 2000); Julie Ingalls (middle school gym teacher, last violation alleged March 2000); Christine Diebold (middle school track coach, last violation alleged June 2000); Jerry Morrissey (middle school track coach, science and history teacher, last violation alleged September 21, 2000); Kathy Seremet (middle school music teacher, last violation alleged September 2000); Sharon Cooper (middle school assistant principal, last violation alleged March 23, 2001); Steve Koponen (middle school English and math teacher, last violation alleged March 21, 2001); and Fouad Baidoon (middle school technology teacher, last violation alleged March 1, 2001).

      Plaintiff suggests that her claims are saved by the continuing violations doctrine.  The Sixth Circuit "employs the continuing violations doctrine most commonly in Title VII cases, and rarely extends it to § 1983 actions." Sharpe v. Cureton, 319 F.3d 259, 267-68 (6th Cir. 2003). Further, the Supreme Court has recently held that where a party "seeks redress for discrete acts of discrimination or retaliation [as opposed to a hostile environment], the continuing violation doctrine may not be invoked to allow recovery for acts that occurred outside the filing period."

National R.R. Passenger Corp. v. Morgan, 536 U.S. 101 (2002) (clarifying continuing violation doctrine in Title VII context).  See also Sharpe v. Cureton, 319 F.3d 259, 267-68 (6th Cir. 2003) (applying Morgan's clarification of continuing violation theory to § 1983 claim).  In light of this case law, and the fact that Plaintiff has alleged no wrongdoing by the above Defendants within the limitations period, the continuing violations doctrine does not rescue Plaintiff's claims against the above-listed Defendants.

Defendants also seek the court's ruling that any allegations against certain other Defendants – the Farmington Public School District, Superintendent Maxfield, and the members of the Board of Education – that arose before December 2001 are also barred by the statute of limitations.  Again, Plaintiff suggests that the continuing violations theory is applicable to these Defendants.  Defendants contend the continuing violations theory has no applicability, citing Garg v. Macomb County Community Mental Health Serv., 427 Mich. 263, 696 N.W.2d 646 (2005).  In Garg, the Michigan Supreme Court overruled the continuing violations theory as being inconsistent with the statute of limitations.  Garg states Michigan law regarding the continuing violations theory, however, whereas federal law regarding when a claim accrues applies here.  See Sharpe, 319 F.3d at 266.

The parties have not briefed whether federal law on continuing violations serves to save any claims Plaintiff has against the Farmington Public School District, Superintendent Maxfield, or the members of the Board of Education.  See generally Sharpe, 319 F.3d at 268-69 (continuing violation theory still viable where the plaintiff can show "a longstanding and demonstrable policy of discrimination").  Accordingly, the court will deny Defendants' motion without prejudice regarding this issue.

IT IS HEREBY ORDERED that Defendants' February 9, 2006 Motion to Dismiss is GRANTED IN PART and DENIED WITHOUT PREJUDICE IN PART, consistent with this opinion.

IT IS FURTHER ORDERED that Plaintiff's Complaint against the following Defendants is DISMISSED: Lasenia Jones, Ellen Garner, Donald Cowan, Joyce Kelly, Barbara Poniatowski, Carolyn Kugler, Ginny Cheek, Doris Malchie, Retta London, Dierdre Bobby, David Litogot, Sheri Jaffurs, Pamela O'Malley, Kathy Mcadaragh-Hain, Brian Swinehart, John Carter, David Chulis, Karen Tomle, Connie Carroll, Jerry Kaplan, Lynn Keller, David Chomet, Julie Ingalls, Christine Diebold, Jerry Morrissey, Kathy Seremet, Sharon Cooper, Steve Koponen, and Fouad Baidoon.

        s/John Corbett O'Meara
        UNITED STATES DISTRICT JUDGE

Dated: September 22, 2006

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, September 23, 2006, by electronic and/or ordinary mail.

        s/William Barkholz
        Case Manager