UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GLORIA GAINES-HANNA*, et al.,*

      Plaintiffs,                                           Case No. 04-74910

v.

                                        Hon. John Corbett O'Meara

FARMINGTON PUBLIC SCHOOL DISTRICT,
*et al.*,

      Defendants.

_____/

**OPINION AND ORDER GRANTING DEFENDANTS DUANE FOX AND
ROSE MACKIE'S MOTION TO DISMISS OR FOR SUMMARY JUDGMENT**

Before the court is Defendants Duane Fox and Rose Mackie's motion to dismiss or for

summary judgment, filed April 13, 2006.  Plaintiff submitted a response on May 17, 2006;

Defendants filed a reply brief on May 25, 2006.  Pursuant to LR 7.1(e)(2), the court will decide

this matter on the briefs and without oral argument.

**BACKGROUND FACTS**

On December 16, 2004, Plaintiff Gloria Gaines-Hanna filed this suit against the

Farmington Public School District and sixty-two other defendants, including teachers, coaches,

counselors, and school administrators.  Plaintiff's 277-page complaint alleges constitutional and

statutory violations over a period of ten years with respect to the treatment of her children, Najib

and Najiba, in Farmington public schools.  The court has dismissed Plaintiff's state claims, as

well as the claims of the Hanna children.  The remaining claims assert the constitutional rights of

Ms. Gaines-Hanna, only, and are as follows: (1) a claim in Count I that Defendants violated her

parental rights arising under substantive due process; (2) a claim in Count II alleging violations

of her First Amendment rights to free speech and expression; and (3) a conspiracy claim in

Count V, to the extent it applies to conspiracies to deny Ms. Gaines-Hanna's parental rights or

right to free speech.  See Opinion and Order dated May 4, 2005.

Defendants Duane Fox and Rose Mackie are officers in the Farmington Hills Police

Department.  Plaintiff has named Fox and Mackie as defendants in Counts I and V of her

complaint.  Although Plaintiff's claims against these defendants are difficult to decipher,

Plaintiff appears to claim that Fox and Mackie failed to protect her children from bullying or

other incidents at school.  Plaintiff alleges that she filed numerous police reports, to no avail.

To the extent Plaintiff's claims against Fox and Mackie assert the rights of her children,

such claims have already been dismissed.  See Opinion and Order dated May 4, 2005.  The court

will consider whether Plaintiff has stated a legally cognizable claim for the violation of her own

rights against Fox and Mackie below.

## LAW AND ANALYSIS

### I.    Standard of Review

Defendants seeks dismissal of Plaintiff's claims against them pursuant to Rules 12(b)(6)

and 56 of the Federal Rules of Civil Procedure.  Dismissal pursuant to Rule 12(b)(6) is

appropriate "if it appears that the non-movant can prove no set of facts in support of her claim

that would entitle her to relief. While reviewing courts construe the complaint in the light most

favorable to the plaintiff, and accept all factual allegations as true, a court is not required to

accept as true unwarranted legal conclusions and/or factual allegations." Harvey v. Great Seneca

Financial Corp., 453 F.3d 324, 327 (6th Cir. 2006).

Summary judgment pursuant to Rule 56 is appropriate if "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). When reviewing a motion for summary judgment, the facts and any reasonable inferences drawn from the facts must be viewed in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). The party opposing summary judgment, however, must present more than a "mere scintilla" of evidence; the evidence must be such that a reasonable jury could find in favor of the plaintiff. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).

## II.      Claims pursuant to 42 U.S.C. § 1983

In Count I of her complaint, Plaintiff alleges that Defendants deprived "Plaintiffs of their rights to Equal Protection and Due Process of the law. . . ." Compl. at ¶ 670. Plaintiff further alleges that "[b]y their actions as described herein, the Defendant, willfully caused Deprivation of Plaintiff [Na] and Nb Fundamental Rights to attend public school peacefully, while Defendant intentionally interfered with Plaintiffs Property Rights and Liberty Interest." Id. at ¶ 671. According to Plaintiff, "Defendants intentionally inflicted such violations of Deprivation and no Due Process of Law upon Plaintiff, by interfering and retaliating against the Fundamental Parental Rights and Liberty interests in Plaintiff's duty to protect her children from harm, and interfered in Plaintiff held interest in her children' relationship when their rights were being violated. . . ." Id. at ¶ 672.

To state a cause of action under 42 U.S.C. § 1983, Plaintiff must demonstrate "(a) deprivation of a right secured under the Constitution or federal law; and (b) that deprivation was caused by a person acting under color of state law." Alkire v. Irving, 330 F.3d 802, 813 (6th Cir.

-3-

2003).  With respect to her equal protection claim, Plaintiff appears to assert that Officers Fox

and Mackie failed to provide police protection to her children and properly act upon her requests

for investigations, because of her race (African American).  Again, to the extent, Plaintiff asserts

claims on behalf of her children, such claims have already been dismissed.

  To the extent Plaintiff is attempting to vindicate her own right to equal protection of the

laws, she must demonstrate that Defendants intentionally discriminated against her.  See Watson

v. City of Kansas City, 857 F.2d 690, 694 (10th Cir. 1988) ("Although there is no general

constitutional right to police protection, the state may not discriminate in providing such

protection.").  Plaintiff's complaint does not contain allegations suggesting that Officers Fox and

Mackie intentionally discriminated against her.  Plaintiff does allege such discrimination in a

conclusory fashion in her response to Defendants' motion, but she does not articulate any

specific facts that would warrant an inference of discrimination.  Accordingly, to the extent that

Plaintiff has asserted an equal protection claim against these Defendants, her claim fails.

  Plaintiff has also set forth a substantive due process claim in Counts I and V of her

complaint.  The Due Process Clause of the Fourteenth Amendment provides that "[n]o State

shall . . . deprive any person of life, liberty, or property, without due process of law."

See generally DeShaney v. Winnebago Cty. Dept. of Social Serv., 489 U.S. 189, 194-97 (1989).

The essence of Plaintiff's due process claim appears to be that Officers Fox and Mackie violated

her rights by failing to protect her children from bullying and other incidents of harassment at

school.  See Compl. at ¶¶ 671-72, 688-89.  Plaintiff has failed, however, to allege a substantive

due process violation.  As the Supreme Court has held:

> [N]othing in the language of the Due Process Clause itself requires
> the State to protect the life, liberty, and property of its citizens

-4-

> against invasion by private actors.  The Clause is phrased as a
> limitation on the State's power to act, not as a guarantee of certain
> minimal levels of safety and security. . . . Its purpose was to
> protect the people from the State, not to ensure that the State
> protected them from each other. . . .  As a general matter, then, we
> conclude that a State's failure to protect an individual against
> private violence simply does not constitute a violation of the Due
> Process Clause.

DeShaney, 489 U.S. at 195-97.  Although it "is true that in certain limited circumstances the

Constitution imposes upon the State affirmative duties of care and protection with respect to

certain individuals," Plaintiff has not alleged any such special circumstances here. See id. (noting

a state's duty to properly care for individuals in its custody); Gazette v. City of Pontiac, 41 F.3d

1061, 1065 (6th Cir. 1994).  See also Butera v. District of Columbia, 235 F.3d 637, 650 (D.C. Cir.

2001) (joining other circuits in holding that an individual can state a substantive due process

right to protection when officials "affirmatively act to increase or create the danger that

ultimately results in the individual's harm").

III.    Conspiracy Claim pursuant to 42 U.S.C. §1985

Plaintiff also attempts to assert a conspiracy claim pursuant to 42 U.S.C. § 1985 in Count

V of her complaint.  To prevail on such a claim, Plaintiff must prove the following: "(1) a

conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of

persons the equal protection of the laws, or of equal privileges and immunities under the laws;

and (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his

person or property or deprived of any right or privilege of a citizen of the United States." United

Brotherhood of Carpenters v. Scott, 463 U.S. 825, 828-29 (1983).  The conspiracy must be

motivated by "some racial, or perhaps otherwise class-based, invidiously discriminatory

animus." Id. (citation omitted).  As discussed above, Plaintiff has not articulated facts that would

suggest racial animus on the part of Officers Fox and Mackie.  Therefore, Plaintiff's conspiracy

claim cannot survive Defendants' motion to dismiss or for summary judgment.

## **ORDER**

     IT IS HEREBY ORDERED that Defendants Duane Fox and Rose Mackie's Motion to

Dismiss or for Summary Judgment [docket # 182], filed April 3, 2006, is GRANTED.  Plaintiff's

claims against these Defendants are DISMISSED WITH PREJUDICE.


                    s/John Corbett O'Meara
                    UNITED STATES DISTRICT JUDGE


Dated:  November 8, 2006


I hereby certify that a copy of the foregoing document was served upon the parties of record on
this date, November 8, 2006, by electronic and/or ordinary mail.


                    s/William Barkholz
                    Case Manager