UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GLORIA GAINES-HANNA, et al.,

      Plaintiffs,

                            CASE NO. 04-CV-74910-DT
                            JUDGE JOHN CORBETT O'MEARA
                            MAGISTRATE JUDGE PAUL J. KOMIVES

  v.

FARMINGTON PUBLIC SCHOOLS,
et al.,

      Defendants.
                                  /

**OPINION AND ORDER
(1) DEEMING MOOT PLAINTIFF'S EMERGENCY MOTION TO QUASH
DEPOSITION SUBPOENAS AND FOR PROTECTIVE ORDER FROM ADDITIONAL
DEPOSITIONS AND DEPOSITIONS OF PLAINTIFF'S CHILDREN (Doc. Ent. 166);
(2) DEEMING MOOT DEFENDANT FOX AND MACKIE'S MOTION TO COMPEL
DISCOVERY AND FOR AN EXTENSION OF THE DISCOVERY DEADLINE (Doc. Ent.
170) and (3) DEEMING MOOT PLAINTIFF'S REQUEST TO STRIKE DEFENDANT'S
MOTION TO COMPEL DISCOVERY AND FOR AN EXTENSION (Doc. Ent. 178)**

**I.    OPINION**

**A.    Background Pertinent to the Instant Motions**

On November 7, 2005, Judge O'Meara entered an amended scheduling order setting the following deadlines: discovery - March 15, 2006; witness list - December 14, 2005; dispositive motions - April 15, 2006; and referral to mediation panel - March 15, 2006 (Doc. Ent. 156). It also lists the schedule for the final pretrial order, the final pretrial conference and the jury trial as "to be determined". Doc. Ent. 156 ¶¶ 5-7.

Relevant to the motions currently before the Court are several discovery requests. On October 13, 2005, attorney Galica, counsel for defendants Fox and Mackie, requested plaintiff's records from a number of sources. Doc. Ent. 170-1 ¶ 19; Doc. Ent. 170-10. On January 19,

2006, defendants Fox and Mackie sent interrogatories and requests for production of documents to plaintiff. Doc. Ent. 170-3 at 1-20, Doc. Ent. 170-4 at 1-4. On or about February 1, 2006, attorney Galica sent plaintiff notice regarding an independent psychiatric evaluation (IPE) that was scheduled for February 20, 2006. Doc. Ent. 170-9 at 1-4. On March 6, 2006, attorney Galica executed a deposition notice and subpoena for plaintiff's March 14, 2006 deposition. Doc. Ent. 170-6 at 1-4.[1] Notices and subpoenas were also executed for the depositions of plaintiff's children. Doc. Ent. 170-7 at 1-10.

**B.     The Instant Motions**

On March 10, 2006, plaintiff filed an emergency motion to quash the deposition subpoenas and for a protective order from additional depositions and for protection of her children. (Doc. Ent. 166).[2] Defendants Fox and Mackie responded to this motion on March 21, 2006. (Doc. Ent. 173).

On March 16, 2006, defendants Fox and Mackie filed a motion to compel discovery and for an extension of the discovery cut-off date. (Doc. Ent. 170).[3] On March 23, 2006, defendant school teachers and school employees filed a concurrence and joinder in defendants Fox and Mackie's motion to compel discovery and extend scheduling order dates. (Doc. Ent. 175). On April 3, 2006, defendants Farmington Public Schools, Farmington Public Schools'

---

[1] Plaintiff's deposition began on July 13, 2005 and continued on August 15, 2005. Doc. Ent. 148 at 1. Plaintiff was later deposed on October 28, 2005 and again on January 5, 2006. Doc. Ent. 166 at 7.

[2] On March 15, 2006, Judge O'Meara referred plaintiff's motion to me for hearing and determination pursuant to 28 U.S.C. § 636(b)(1)(A). (Doc. Ent. 168)

[3] On March 23, 2006, Judge O'Meara referred this motion to me for hearing and determination pursuant to 28 U.S.C. § 636(b)(1)(A). (Doc. Ent. 177).

Administrators, Teachers and Staff filed a concurrence in defendants Fox and Mackie's motion to extend discovery and to compel deposition. (Doc. Ent. 180). On March 27, 2006, plaintiff filed a request to strike defendant's motion to compel discovery and for extension. (Doc. Ent. 178).[4]

Pursuant to E. D. Mich. LR 7.1(e)(2), these three motions will be decided without oral argument and on the papers.

**C.    Plaintiff's Claims Against Defendants Fox And Mackie Have Been Dismissed With Prejudice.**

On April 13, 2006, defendants Fox and Mackie filed a motion to dismiss or for summary judgment. (Doc. Ent. 182). They argued that plaintiff has failed to state a valid cause of action under the equal protection or due process clauses; plaintiff has failed to state a valid cause of action for conspiracy to deprive plaintiff of constitutional rights; the officers are entitled to qualified immunity; and there is a total absence of competent evidence to support the complaint. Doc. Ent. 182 at 7.

On November 8, 2006, Judge O'Meara entered an order dismissing plaintiff's claims against defendants Fox and Mackie with prejudice. (Doc. Ent. 193). Specifically, Judge O'Meara concluded that "to the extent that Plaintiff has asserted an equal protection claim against these Defendants, her claim fails[,]" "Plaintiff has failed . . . to allege a substantive due process violation[,]" and "Plaintiff's conspiracy claim cannot survive Defendants' motion to dismiss or for summary judgment." Doc. Ent. 193 at 4, 6.

**D.    Analysis**

---

[4]On November 1, 2006, Judge O'Meara referred this motion to me for hearing and determination. (Doc. Ent. 192).

1.      **Plaintiff's March 10, 2006 motion to quash and for protective order is deemed moot.**

Plaintiff's motion delineates four issues: **(1) and (2)** Plaintiff requests that the Court quash the subpoenas for deposition pursuant to Fed. R. Civ. P. 45(c)(3)(A)(i) & (iv) and enter a protective order from additional depositions pursuant to Fed. R. Civ. P. 30(a)(2)(B) & (d)(2). (Doc. Ent. 166 at 3 ¶¶ 1, 2). Specifically, plaintiff is referring to the March 6, 2006 notice and subpoena by defendants Fox and Mackie's counsel for plaintiff's March 14, 2006 deposition. Doc. Ent. 166 Ex. 1 (at 16-21). **(3)** Plaintiff seeks to protect her children from being deposed. Doc. Ent. 166 at 2 ¶ 3. Specifically, plaintiff is referring to the March 6, 2006 notices and subpoenas by defendants Fox and Mackie's counsel for the March 14, 2006 depositions of her children. Doc. Ent. 166 Ex. 2 (at 22-28). Plaintiff claims the notice period was too short. Doc. Ent. 166 at 2-3. **(4)** Plaintiff seeks Rule 11 and Rule 37 sanctions for violations of the Federal Rules of Civil Procedure and defendants' abuse of the discovery process. Doc. Ent. 166 at 3 ¶ 4.

In light of Judge O'Meara's November 8, 2006 order dismissing plaintiff's claims against defendants Fox and Mackie with prejudice (Doc. Ent. 193), plaintiff's motion to quash and for protective order is rendered moot to the extent it concerned defendants Fox and Mackie's March 6, 2006 subpoenas and notices for plaintiff's and her children's March 14, 2006 depositions.

2.      **Defendants Fox and Mackie's March 16, 2006 motion to compel and for an extension is deemed moot.**

Defendants Fox and Mackie argue that (I) plaintiff has not provided answers to interrogatories; (II) plaintiff has not provided responses to request for production of documents; (III) plaintiff has failed to produce herself for a continuing deposition, and failed to produce her children for depositions; (IV) plaintiff should be compelled to undergo an IPE as she placed her mental condition in controversy; (V) plaintiff has not signed authorizations for the release of her

records; (VI) defendants request this court to extend the time for discovery; and (VII) defendants are entitled to costs and attorney fees under Fed. R. Civ. P. 37.  Doc. Ent. 170-1 at 8.

In light of Judge O'Meara's November 8, 2006 order dismissing plaintiff's claims against defendants Fox and Mackie with prejudice (Doc. Ent. 193), defendants Fox and Mackie's motion to compel is rendered moot to the extent it sought discovery responses, deposition continuations, an IPE of plaintiff, signed authorizations for the release of her records or an extension of discovery.

**3.     Plaintiff's March 27, 2006 motion to strike defendants' motion to compel discovery and for extension is deemed moot.**

Plaintiff's motion delineates eight issues: **(1)** Plaintiff claims the March 16, 2006 motion is untimely, because it was filed after the March 15, 2006 discovery deadline and the defendants mismanaged the November 7, 2005 extension.  Doc. Ent. 178 at 2 ¶ 1, 8.  **(2)** Plaintiff takes issue with the fact that defendants Fox and Mackie's March 16, 2006 motion is unsigned.  Doc. Ent. 178 at 2 ¶ 2, 9; Doc. Ent. 170-1 at 19.  **(3)** Plaintiff claims her February 17, 2006 emergency motion (Doc. Ent. 160), concerning an IPE and the inspection and release of her private medical and psychiatric records, tolled her 30-day response period to defendants Fox and Mackie's January 19, 2006 interrogatories to the extent the questions sought medical and privileged information.  Doc. Ent. 178 at 2-3 ¶ 3, 9.  **(4)** Plaintiff contends that attorney Galica "should be held responsible for the mismanagement and abuse of the discovery process[,]" and specifically mentions defense counsel's behavior at her four depositions.  Doc. Ent. 178 at 3 ¶ 4, 9.  Plaintiff relies upon Rules 11 and 37.  **(5)** Plaintiff claims she has attended in good faith twenty-five (25) hours of deposition, unaided by an attorney, and she "should not be held responsible, or put through another deposition, for the abuse of discovery and bad faith by [defense counsel's] poor

5

management of who [defense counsel] would select on which attorney would or could be selected to question Plaintiff at each [of the] depositions[.]" Doc. Ent. 178 at 3 ¶ 5, 9.  **(6)** Plaintiff claims counsel for defendants should be held responsible and sanctioned for using interrogatory discovery over a period of eleven (11) months to annoy and harass her.  Doc. Ent. 178 at 3 ¶ 6, 9.  Also, she claims that the questions are redundant, where the same questions were asked at her four (4) depositions.  Doc. Ent. 178 at 9-10.  She contends that she already provided to counsel for defendants the information sought by the interrogatories as evidenced by attorney Galica and Weaver's witness lists.  Plaintiff claims that defendants Fox and Mackie's January 19, 2006 interrogatories "were asked and answered, except privileged and private medical records and information."  Doc. Ent. 178 at 10.  **(7)** Plaintiff claims that defendants should be sanctioned for filing the March 16, 2006 motion to compel, because, as a result, she has suffered prejudice, her case has been delayed, she has incurred costs and time, and the motion contains fraudulent statements against her.  Plaintiff takes issue with the timing of the March 16, 2006 motion, as she alleges that defendants "slept on [their] rights[.]"  Doc. Ent. 178 at 4 ¶ 7, 10.  She relies upon Federal Rules of Civil Procedure 11 and 37.  **(8)** Plaintiff claims that defendants' interrogatories exceed the amount permitted by Fed. R. Civ. P. 33(a), specifically citing defendants Fox and Mackie's January 19, 2006 interrogatories, Nos. 1-23.  Plaintiff claims that defendants did not get leave of court to ask what amounts to more than 125 questions.  Doc. Ent. 178 at 4 ¶ 8, 10-11.[5]

---

[5]Additionally, plaintiff claims that defendants' March 16, 2006 motion (Doc. Ent. 170) is a failure to respond to her motion.  Doc. Ent. 178 at 1, 2, 4, 8, 11.  Also, plaintiff claims that defendants' March 16, 2006 motion (Doc. Ent. 170) is identical to her February 17, 2006 and March 10, 2006 motions to quash (Doc. Entries 160 and 166) and the answers to defendants Fox and Mackie's January 19, 2006 interrogatories.  Doc. Ent. 178 at 1, 2, 4, 8, 11.

In light of Judge O'Meara's November 8, 2006 order dismissing plaintiff's claims against defendants Fox and Mackie with prejudice (Doc. Ent. 193), and in light of my foregoing ruling that defendants Fox and Mackie's motion to compel and for an extension (Doc. Ent. 170) is deemed moot, plaintiff's motion to strike defendants Fox and Mackie's motion to compel and for an extension (Doc. Ent. 178) is deemed moot. This conclusion is buttressed by the fact that some of the above-delineated arguments were responsive to the motion plaintiff sought to have stricken from the record. For example, some arguments raised objections to the relief sought by defendants Fox and Mackie, such as whether another deposition was warranted, the interrogatories were redundant to deposition questions, or the interrogatories exceeded the amount permitted by Fed. R. Civ. P. 33(a) to be served without leave of court - arguments which need not be addressed once responses to Fox and Mackie's discovery requests and Fox and Mackie's request to depose plaintiff are no longer at issue.

## II.     ORDER

In accordance with the foregoing opinion, plaintiff's March 10, 2006 motion to quash and for protective order (Doc. Ent. 166) is DEEMED MOOT; defendants Fox and Mackie's March 16, 2006 motion to compel and for an extension (Doc. Ent. 170) is DEEMED MOOT;[6] and

---

[6] The March 23, 2006 and April 3, 2006 notices of concurrence (Doc. Entries 175 and 180) are extinguished by the instant order, because defendants Fox and Mackie's March 16, 2006 motion to compel was based upon defendants Fox and Mackie's efforts at discovery. To the extent these notices concurred in defendants Fox and Mackie's request to extend the discovery deadline, such a request is better addressed in a separate motion. Although the defendant school teachers and school employees stated that "Plaintiff has continuously failed to provide and permit discovery by failing to cooperate with her continued deposition, allow for the appearance of her children who are key witnesses for deposition, and submit to an independent psychological evaluation, despite the fact that Plaintiff is claiming mental and emotional distress damages[,]" Doc. Ent. 175 at 3, a request for an extension of the discovery deadline is better evaluated when accompanied by the moving party's explanation of its affected discovery requests.

plaintiff's March 27, 2006 motion to strike defendant's motion to compel discovery and for extension (Doc. Ent. 178) is DEEMED MOOT. Additionally, the parties' requests within these motion papers for costs and/or fees and/or sanctions are DENIED.

IT IS SO ORDERED.

The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

s/Paul J. Komives<br>
PAUL J. KOMIVES<br>
UNITED STATES MAGISTRATE JUDGE

Dated 11/17/06

> The undersigned certifies that a copy of the foregoing order was served on the attorneys of record by electronic means or U.S. Mail on November 17, 2006.
>
> s/Eddrey Butts
> Case Manager